*713 OPINION.
Littleton :
As to the first point, we are of opinion that petitioner was engaged in the operation of a business within the meaning of section 204 of the Revenue Act of 1921 and is therefore entitled to a deduction in Í923 of the net loss of $3,414.70 sustained by her in 1922. This net loss arose from the management, upkeep and renting of certain properties which petitioner owned. All of the property on which there were dwellings was rental property; petitioner was, to the extent necessary, regularly engaged in keeping the property rented, in making improvements, and repairs thereon, and in collecting interest on mortgages held by her. This we think was sufficient to constitute a business, and the net loss claim is allowed. The fact that petitioner devoted a considerable portion of her time to her duties as an executrix of her mother’s estate does not change the situation. A person may be engaged in more than one business.
Petitioner acquired a certain parcel of real estate by devise from her mother, which property had a fair market value of $7,500 at the date acquired. She sold this property in 1923 for $9,500 and realized a profit of $2,000 instead of $2,500 as determined by the Commissioner1.
We are satisfied from the evidence that the deduction of $2,730 claimed by the petitioner on her return for the taxable year as a worthless debt was a proper deduction and that the Commissioner erred in disallowing the amount.
The Commissioner disallowed the deduction claimed by petitioner for automobile expense and depreciation. There is no testimony in the record that the amounts claimed were correct. All that appears is that the petitioner claimed the amounts on her return. But, if it be conceded that the depreciation and the expense are correct in amount, we are not convinced from the testimony that the entire amount was a business expense and there is no way of telling what portion, if any, should be allowed as a deduction.
Reviewed by the Board.

Judgment will he entered under Rule 50.